UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 06-52 L |
| | : | |
| JOHN W. TROTTA | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant John W. Trotta ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was conducted on November 16, 2006. At that time, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be sentenced to a term of imprisonment of five (5) months and that there be no further supervised release. I also recommend that restitution in the amount of $26,321.27 be reimposed.

**Background**

On December 1, 1999, Defendant appeared before the Honorable Frederick J. Scullin, Jr., United States District Judge for the Northern District of New York, following a guilty plea to conspiracy to make and utter counterfeit securities in violation of Title 18 U.S.C. § 371. See U.S. v. John W. Trotta, MC 01-30L, Document ("Doc.") #2 (judgment in U.S. v. John Trotta, 1:98-CR-00559-005)("Judgment of 12/1/99") at 1. Defendant was sentenced

to fifteen months imprisonment and three years supervised release. See Judgment of 12/1/99 at 2-3. As conditions of supervised release, he was ordered to submit to a substance abuse evaluation and drug testing and to complete treatment as directed by the probation officer. See id. at 4. Defendant was directed to contribute to the cost of services rendered (co-pay) in an amount to be determined by the probation officer based on ability to pay or availability of third party payments. See id. He was also ordered to pay restitution in the amount of $26,321.27 at the rate of at least $100 monthly or 10% of his gross monthly income, whichever was greater. See id. at 5-7. A $100.00 special assessment was also imposed. See id. at 5.

On April 2, 2001, jurisdiction was transferred from the Northern District of New York to the District of Rhode Island. See Trotta, MC 01-30 L, Doc. #1 (Order Transferring Jurisdiction). On April 14, 2000, Defendant commenced his three-year term of supervised release. See Supervised Release Violation Report dated 4/20/06 (the "Report") at 1. Defendant was presented as a violator on September 6, 2002, for failure to notify the probation officer ten days prior to any change in residence, failure to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, and failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month. See Trotta, MC 01-30 L, Doc. #13 (Judgment of 9/9/02) at 1-2. Defendant was sentenced to eight months imprisonment which was to be followed by twenty-eight months of supervised release with a special condition that he participate in substance abuse treatment to include drug testing. See id. at 3-5. Defendant was ordered to pay restitution of $26,321.27. See id. at 6.

Defendant was again presented as violator on August 20,

2004, after being convicted in the state district court of obstructing a police officer and driving with a suspended license on March 22, 2004, and of simple assault (domestic) on April 12, 2004. See Report and Recommendation of 8/27/04 (Doc. #21) at 4-5. For this violation Defendant was sentenced on November 2, 2004, to ten months imprisonment to be followed by eighteen months of supervised release with a special condition of substance abuse treatment to include drug testing. See Judgment of 11/8/04 (Doc. #23) at 1-5. He was also directed to pay the restitution which had been previously ordered. See id. at 5. Supervised release recommenced on June 17, 2005, with an expiration date of December 16, 2006. See Report at 2.

On January 31, 2006, Defendant's special condition of supervised release was modified to include substance abuse inpatient treatment. See Request for Modifying the Conditions or Term of Supervision with Consent of the Offender (Doc. #28) at 2. On or about April 20, 2006, U.S. Probation Officer Clara M. King ("U.S.P.O. King") initiated a Petition for Warrant for Offender under Supervision (the "Petition"), alleging that Defendant had violated four conditions of his supervised release. See Petition at 1-2. In response to the Petition, Chief U.S. District Judge Ernest C. Torres ordered the issuance of a warrant on April 21, 2006. See id. at 3.

**The Violation**

The Report alleges that Defendant has violated the following conditions of supervision in the manner indicated:

**Special Condition: Defendant shall participate in an inpatient program approved by the probation office for substance abuse treatment.**

Defendant entered the Miller House, a residential treatment program on January 26, 2006. While in this facility, on March 19, 2006, he had a positive urine screen for cocaine. Defendant

was scheduled to complete the treatment program on April 26, 2006. However, on April 11, 2006, Defendant left the program after a staff member discovered that Defendant had used $125.00 in food stamps without the approval of the program.

**Condition #7: Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

On March 19, 2006, Defendant submitted a urine specimen at the Miller House which tested positive for cocaine. Defendant admitted to U.S.P.O. King on March 27, 2006, that he had used cocaine while on a weekend pass to visit his family. Defendant was issued a verbal reprimand and was placed on a notice of discharge from the Miller House for two weeks.

**Condition #6: Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

On April 11, 2006, Defendant left the Miller House, a ninety-day substance abuse residential treatment program, without permission. His whereabouts were unknown as of the date of the Report (April 20, 2006). According to his sister, Denise Trotta, his family also did not know of his whereabouts.

**Special Condition: Defendant shall pay restitution in the amount of $26,321.27 at the rate of $100 per month or 10% of his gross monthly income, whichever is greater.**

Since supervision recommenced on June 17, 2005, Defendant has failed to make any monthly payments toward his restitution obligation as required. Since supervision recommenced, he has been sporadically employed as a landscaper. Defendant's income exceeded expenses, and he had the ability to make payments toward this obligation.

**Travel**

On April 21, 2006, Chief Judge Torres ordered the issuance of a warrant for Defendant to appear to answer to the Petition. See Petition at 3. The warrant was executed, and Defendant appeared before this Magistrate Judge on November 16, 2006. Defendant was advised of the Petition and of the grounds for the alleged violation. At that time Defendant, both personally and through counsel, waived a violation hearing and admitted to the violation. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the defense, the Court stated that it would recommend the sentence expressed in this Report and Recommendation.

**Law**

**Statutory Provisions**

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, the maximum term of supervised release was previously imposed. Therefore, the term cannot be extended.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release and require the

defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class D felony. Here Defendant was on supervision for a Class D felony. Thus, he may not be required to serve more than two years imprisonment upon revocation. Since Defendant has already served eighteen months imprisonment as a result of previous violations of supervised release, the statutory maximum term of imprisonment remaining is six months.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here three years), less any term of imprisonment imposed upon revocation of supervised release. See id.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment

exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade C violation.

Pursuant to §7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the court may revoke, extend, or modify supervision. Since Defendant has committed a Grade C violation this Court may revoke, extend, or modify the conditions of supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) provides that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of

imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. In this case the first provision applies.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is an outstanding restitution in the amount of $26,321.27.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In this case, the authorized statutory maximum term of supervised release is three years. There has been a total of eighteen months imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the eighteen months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant

originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of III at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a Grade C violation with a criminal history category of III, an imprisonment range of five to eleven months is warranted.[1]

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

**Disposition**

**Recommendations By Government and Defense**

The Government recommended that Defendant be sentenced to a period of incarceration of six months, the maximum term available. Assistant United States Attorney Andrew Reich based this recommendation on the following factors: 1) this is Defendant's third violation; 2) Defendant's past conduct has indicated that he is not a suitable candidate for supervised release; and 3) there are multiple grounds for the instant violation, including that Defendant's whereabouts were unknown for seven months.

Assistant Federal Defender Edward Roy recommended that the Court impose a split sentence of three months incarceration and three months to serve at a half-way house or inpatient drug treatment facility. Mr. Roy cited the fact that Defendant needs drug treatment and questioned whether Defendant would receive such treatment during a six month prison sentence. Mr. Roy observed that Defendant is only a danger to himself and not to

---

[1] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

the rest of the community.

**Court's Recommendation**

While the Court does not disagree with Mr. Roy's observation that it is unlikely Defendant will receive effective drug treatment during the course of a six month prison sentence,[2] the Court is also not persuaded that defense counsel's request for a split sentence is a better option. In January of 2006, Defendant asked the probation office for treatment for his substance abuse problems. He was placed in an inpatient treatment program, used cocaine while in the program, and then left without permission. This is Defendant's third violation of supervised release, and there are multiple grounds for the violation. The Court sees no basis to adopt the very lenient recommendation requested by Mr. Roy. If Defendant were given a split sentence, after ninety days in prison he would be sent to another inpatient substance abuse treatment facility as a condition of supervised release. Given Defendant's past record, the Court is almost certain that it would see Defendant for a fourth violation of supervised release.

Although most of the relevant factors weigh in favor of imposing the maximum available prison sentence of six months, Defendant waived a violation hearing and admitted to the violation. It is the practice of this Court to slightly decrease the sentence it would otherwise recommend in such cases. Accordingly, the Court recommends that Defendant be sentenced to five months incarceration with no further supervision and that he again be ordered to pay restitution in the amount of $26,321.27.

**Conclusion**

After considering the various factors set forth in 18 U.S.C.

---

[2] While the Bureau of Prisons has specialized programs to treat prisoners with substance abuse problems, the Court is aware that to be eligible for and successfully complete such programs usually requires that the prisoners have at least one year remaining on their sentences prior to be released.

§ 3553(a) and for the reasons expressed above, I recommend that Defendant be sentenced to a term of imprisonment of five (5) months and that there be no further term of supervised release. I also recommend that Defendant again be ordered to pay restitution in the amount of $26,321.27.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
November 27, 2006